May it please the Court, I'm Thomas Booth from the Department of Justice, and I would like to reserve five minutes for rebuttal. That request will be granted. May it please the Court, the District Court ordered an evidentiary hearing on Armand's competency claims on the ground that the Court of Appeals for the Armed Forces, the Military's Discretionary Review Court, did not give full and fair consideration to his claims as required by Burns v. Wilson. Essentially, the Court reasoned that the CAF's summary affirmance of the ACCA's judgment and a summary denial of his new trial petition were inadequate precisely because Armand had failed to present his claims to the court-martial or to the ACCA. We believe that that ruling was erroneous. The CAF's rulings were decisions on the merits, and because Armand's claims were insubstantial, the CAF was not required to write any further opinion affirming the decision of the ACCA or in denying his petition for a new trial. I would like to make two independent points. The first is that the CAF did give full consideration to Armand's claims. And second, contrary to this Court's suggestion in Brocious that perhaps the 2254 standards in the AEDPA that applied to state convictions for evaluating collateral attacks should have no basis for this Court in reviewing a 2241 which relates to a military court-martial conviction. With respect to the point that the CAF gave full and fair consideration to Armand's competency claims, here are the following points. First of all, at the court-martial, the military judge ordered a full sanity board which found that Armand was incompetent. And it's important to notice two particular facts about this competency board. First, is that the defense attorney actually opposed the competency board saying that he had no reason to believe that Armand was mentally incompetent. And as the Supreme Court indicated in Medina, one of the critical factors in determining whether a criminal defendant is mentally incompetent is the observations of his defense attorney. So not only is the defense attorney's failure to ask for sanity board, in fact he opposed it, is one indication that Armand was competent. But it also sets up a procedure that was followed by the defense attorneys in this case until the defendant got all the way up to the CAF, which was they never raised any issue of Armand's competency. In fact, even though there was the three-week lag time between the time of the sanity board and the time that Armand guilty plea took place, defense attorney made no objection at all to the sanity board. He did not indicate in any way that he was dissatisfied with it or that in the three-week period that Armand was continuing to take prescription medicine, that that three-week, during that three-week period, Armand had suddenly developed a case of mental incompetence. Isn't the issue here, though, a little more refined than just the competency assessment made by the sanity board? It isn't the issue that the district court granted the evidentiary hearing on, limited to the question, or at least focused in on the question of whether or not the determination was made on March 19th as to whether or not Armand was under the influence of any alcohol at that time. It was up to his defense attorney to say at the time of trial that my client is now mentally incompetent, and that the sanity board was ordered by the military. One of the reasons for that requirement at a colloquy has been that in most instances attorneys don't know that fact. This, in this case, Armand had been institutionalized and the records are pretty clear that he was fairly heavily medicated, and he came in to court. Now, you're saying it's the defense attorney's responsibility, but the court didn't include that information in his colloquy at that time, did it? What had happened was is that the question of the prescription medicine was raised for the first time by Armand's defense attorney when he moved for expert witnesses prior to the court march. And when the military judge saw that motion, he had a pretrial colloquy and he said, after looking at all these prescription drugs that I think your client has taken, I think there may be a legitimate question as to whether or not he's competent to mentally incompetent now. I have observed him. I'm aware of all the medical, the medicines and the prescriptions that he has been taking. And I don't even think he should have a competency hearing. And the military judge said, well, I'm going to have a competency hearing based on that prescription medicine. And he had one. Now, of course, there's always going to be a certain lag time between the time the defendant has had a sanity board and then the time the trial is going to be rescheduled. But if the defendant was not mentally incompetent at the time of the sanity board, despite having had a series of prescription medicine prescribed to him over a period of about six or eight months, we believe that the military judge had no further obligation to go into an inquiry to determine whether he was mentally incompetent at the time of the court martial. Did Armand's medication regimen change during the five-week interval between the sanity board's determination and the trial? I'm not sure because the information that was given to the sanity board is not in the record. All we know is that there was a great deal of prescription medicine that was being given to him and that he was continuing to take prescription medicine afterward. But what the military judge did at the court martial, Judge Hardiman, was that he indicated that he had the sanity board in front of him and he attached it to the court martial as an appellate exhibit. And then he asked the defense attorneys whether or not there was any further pretrial motion that the defense wanted to make before he took his guilty plea. And so we submit on that record as a whole, the military judge had to make an implicit finding of competency at that time based on the entire record that was there in front of him as a whole. And it was up to Armand at that point, if he disagreed either with the sanity board or with the post-sanity board prescription medicine regimen that he was taking, to make an objection so that the military judge could evaluate that objection to determine whether there should be an additional sanity board. Now what happened after this, Judge Fisher, was that Armand went to the ACCA, which is the military's intermediate appellate court, and which does have fact-finding power and which has an independent duty to review the record of trial. Armand made no submissions at all with respect to his mental competency at that point. Now he did make an assertion as part of his pro se Rastafarian that his prescription medicine had caused him to be at that time either. So both at the trial level and at the intermediate court level, Armand made no assertion of mental incompetency whatsoever. Is it fair to say that that's the functional equivalent of someone in a petition for certiorari to the U.S. Supreme Court raising such a claim for the first time? It is. The CAF does have, let me back up a little bit. Yes, that is sort of I guess what's troubling me is we can't have a system, can we, where people bypass the trial court and they bypass the intermediate appellate court and they just don't raise arguments before either of those courts and then they go to a court like CAF and throw something over the transom that's brand new. That is absolutely correct and actually it would not have been inappropriate for the CAF to have simply denied the petition for review as a matter of its discretionary jurisdiction. All right, but it didn't maybe because Accutane is different than the prescription medication regimen, right? I mean it seems to me there are two distinct issues here. One is Accutane because that was newly discovered evidence and obviously there is cause for filing something late if there is after discovered evidence. Would you agree that the Accutane would fit into that category? Well, no, the government's position in response to the petition for new trial and that issue actually was fully briefed at the CAF. I sort of disagree with the magistrate judge's interpretations of which said that the government never really briefed this issue with the CAF in any respect. That was briefed and the government's position was that the dangers of Accutane were actually known to the public way back in the early 90s. Contrary to Armand's position that the dangers of Accutane were only developed I think in around 2000 when a congressman's son died from it. So the government's position all along was to know that the Accutane information was not newly discovered because one, the prescription medicine which he had been taking which included Accutane had been going on long before his court-martial and that the dangers of Accutane were actually known to the public well before that. To respond to your point earlier is that if a defendant for example coming up on state case fails, I'm sorry I see that my time is up. We'll give you an additional three minutes. Yeah, 2254E2 says if you fail to develop the record in the manner required by state law then you don't get an evidentiary hearing. How does that play in here? Well, our submission is that he did not make a record because the record, the existing record that was before the cap was that he was mentally confident based upon the results of the sanity board. And in addition to that 2254 requirement there's a decision from the Supreme Court that predates the AEDPA that says if a defendant raises a claim for the first time in a discretionary review court and it's not passed on on the merits that is not a fair presentation of the claim for purposes of a state judgment. That's the Castile case that I've cited in my brief. So how can you blame a court for not fully and fairly considering a claim that was never fairly presented? But in this case again the CAF actually, you have to realize Judge Hardiman is that you know the CAF didn't simply deny this the petition as a matter of its discretion. I mean it had to have made an initial determination that this case was worthy of review before they actually granted it. So it's like the grant of cert and then a per curiam or summary. And of course as we know from Mandel versus Bradley that a summary affirmance is a decision on the merits of the case. So the CAF rejected the claim that Armand had made that he was mentally incompetent at the time and that the military judge had made an error in failing to go into the issue of his competency. Mr. Booth let me uh I heard you to say that before the CAF that Armand didn't argue that he was that the plea was accepted without conducting an inquiry regarding his medications. No I think he had part of part of his his lengthy 34 page Rostefan inquiry. He did raise that. He did say yo he made a whole series of ones yes I'm sorry but if I misspoke yes he did claim as part of his competency claims is that the military judge did not make an inquiry at the time of the trial. So that yes that's absolutely correct. He he raised a whole series of competency claims in that 34 page pro se petition. One there was a couple of points that the the district court made here. Talk about I know you want to but talk about 2254 as it applies here and as the court interpreted Arbroge's decision. Right what happened was that in in Burns versus Wilson the Supreme Court stated first that the review of court martial convictions is narrower than in civil cases and we take that to mean not only federal but in state cases as well. It then made an incidental statement that we should go no further than state cases in reviewing military court martial convictions and that does not mean that the two standards are identical. That seems to me to confuse the necessary and the sufficient. It may well be that if a defendant could not get a reversal of a judgment on a 2254 claim he's not going to get one on a military conviction either. But it does not follow that just because a state petitioner could get relieved that he's then going to get one from a military court martial conviction because the differences between the military and the civilian are so stark. I see my time is up I'll be back on the clock. Thank you. Mr. Patton. You said you've never been on that side of the uh. I swear it was true. Now you're there second time in a week. Yes sir. Good morning your honors. I want to uh make something very clear uh based Judge Hardiman primarily on your questions to Mr. Booth about raising this for the first time in front of the CAF. The CAF itself has repeatedly held that under the rules of court martial a service member can raise the issue of their competency at the time of the trial at any time on appeal. Those cases are cited in our brief but they are United States versus Massey which is 27 MJ 371 at pages 373 to 74 and in U.S. versus King which is 32 MJ 558 at page 559 and in the United States versus Dube at 37 CMR 411. Under the the rules of court martial are different than the rules in state court and the rules in federal court in that the military has specifically said that these issues can properly be raised for the first time on appeal and that leads me to my second point on this issue. On appeal before ACA or on appeal before time? Anytime. Anytime. All right but even if it can be raised for the first time before the CAF uh the CAF is not a fact-finding court. It is not your honor but that's why in the Dube case itself the CAF established the proceeding they're now referred to Dube hearings in which the CAF says if an issue has been raised before us that we don't feel there's a sufficient factual basis in the record for us to decide we can order a hearing they are now referred to as Dube hearings for the where the CAF can say I want to have a hearing uh to get evidence on this particular issue and the 10th circuit has recognized that fact in uh Watson versus McCotter which is also cited in our brief. Apparently in this case the CAF didn't think such a hearing was warranted. Well we don't know. Granted the petition for review but then summarily affirmed the decision below. They summarily affirmed the what they said was that the decision of the United States Army Court of Criminal Appeals is affirmed. That's it. Now there's no way to tell from that statement whether or not they considered Curtis's competency issue because the competency issue was not raised in front of the ACCA and that was the point Judge Baxter and Judge McLaughlin both made in their rulings was that what if you look at the CAF's order it says we are affirming the decision of the ACCA but we know the competency issue was not presented to the ACCA and therefore you cannot determine from that one sentence that the CAF actually considered Curtis's Grostefan issue the competency issue that was raised pro se by Curtis under the military's process for raising those pursuant to their Grostefan case. Now another issue to consider is the government made a tactical decision in this case to argue that this case that this issue had properly been presented to the CAF and received full and exact I don't understand why but they didn't so I guess that's the way it is exactly right they made a tactical choice they could have went forward and said this was not raised properly and therefore it's procedurally defaulted but they would have lost on that Judge Hardeman because under the military you can raise it anytime you can raise it and so you know they're trying to substantially change their argument here before this court from what they argued in the district court because in the district court it was all this was properly raised and then they wanted to jump from the fact it's properly raised to that automatically means that it got full and fair consideration. So if this summary affirmance had put another sentence in that said oh and by the way we've also considered the pro se Grostefan submission and we find it without merit you'd be out of court? Absolutely and in the Grostefan case itself which was a CAF case well at the time it was the court of military appeals but it's now the CAF when they created this rule that said that service members can raise these issues on their own they said that the lower courts the intermediate courts have to at a minimum in their decisions state that they have considered the issues raised by the service member pursuant to Grostefan and found them to be without merit. The CAF required the lower courts to do that and I submit to you and in this case that happened too absolutely the the ACCA in their opinion specifically stated that they considered the issues that Curtis raised pursuant to Grostefan and ruled against them. Now he did not raise this competency issue in front of the ACCA and therefore when the ACCA said they found his Grostefan issues to be without merit it wasn't addressing the competency issue and while I'm not here telling you that you have the ability to impose a rule on the CAF that requires the CAF to say that they have to say this I mean the CAF can choose not to say we've considered the claims raised pursuant to Grostefan. But it runs the risk of us saying well that's not a full and fair consideration. Absolutely your honor. But why should we assume that the CAF didn't consider what Armand had submitted in the petition for review when one of the exhibits to the petitions to the petition for review were the Grostefan claims which were the competency issues. Why should we assume that the CAF didn't fully consider everything it had before it? First of all as you're asking us to do that as a no I would phrase it differently your honor in the sense that this is a procedural question that the government's trying to put forth to defeat a judgment on the merits so they have the burden of proving that this received full and fair consideration by the military. But their argument one of their arguments is is the issue was before the CAF. You can't deny that the Grostefan the second Grostefan filing contained the allegations which are now before us in the military. You can't assume it. I would submit to you as in Burns the Supreme Court said if a service member presents a claim to the military court and the military court refuses to hear it then there's de novo review. But there's no indication here that the court refused to hear it. They granted the petition for review and they affirmed the conviction. The petition material was before them. That is correct your honor but the petition for review the counseled petition for review raised the exact three issues. You're asking us to give military courts less deference when we would give civilian courts. I would disagree with that your honor because look at even under AEDPA with its heightened uh deference. Under AEDPA you're out of court on statute of limitations. We don't have jurisdiction under AEDPA right? Uh no your honor it was it's timely. It was two years and it was I thought it went final in 0-2 and the petition was filed in 0-5. And no statute of limitations argument was raised by the government. It's jurisdictional isn't it? No statute of limitations defenses are not jurisdictional your honor. They're affirmative. Finally filing is jurisdictional under AEDPA. I would respectfully disagree your honor. It is not jurisdictional. It does not divest the court of jurisdiction of habeas corpus jurisdictions. AEDPA does. It provides an affirmative defense which is different than saying that it deprives the court of jurisdiction to hear the case. So does the one-year requirement apply in military in cases like this in military reviews? Uh actually it doesn't because the military ones have to be filed on it under 2241. To the extent that the court said it was going to look at AEDPA to decide to try and get to a standard of review that gives weight to the Burns's court's full and fair consideration. It said understand that this is a 2241 case. And I believe this court in Brocious said that we under understand it's 2241 but we have to develop some standard of review. And we now have AEDPA standard of review which significantly restricted the federal court's ability to review state courts judgments. And I believe this court in Brocious and then what the district court and magistrate judge found was that and in fact the CAF has found in the Loving case saying that they will apply 2254 standards when they're uh reviewing. Well that's a choice that the military courts could make. It is your honor but I believe in any habeas review when you're setting the standard of review you're trying to balance between giving appropriate deference to in this case the military court's decisions versus the petitioner's constitutional rights and you have to try and strike the proper balance. Does Burns say we give more deference to the military tribunal than we do to civil? I would not say that no that it clearly says that. It it sends mixed messages on it. It says. Still good law though isn't it? It is your honor. Okay. It indicates that it certainly can't be any more uh searching than what is applied in regular habeas where a federal court's reviewing a state decision. And I believe that's the part of the decision that this court in Brocious kind of focused on and saying all right well if it can if it can't be any more than in the then we can we can apply the use 2254 because that's a very deferential standard. But I would submit that you cannot assume that the CAF ruled on this issue from its silence. Even in for example in Thompson versus Parker where this court found that a summary affirmance on appeal did uh was full and fair consideration that issue had been identified at the trial level argued about at the trial level had been briefed in the counsel briefs to the intermediate military court in the intermediate appellate court in its decision said you know petitioner raises 16 other issues alleged issues of error we find them all to be without merit. And then the CAF refused to grant a petition for review. Was your client's uh was your client's submission part of the new trial motion? There was an overlap your honor between because they did the order does deal with the new trial it denies it right there was an overlap between the petition for review and the motion for new trial okay uh and on the motion for new trial the counseled part of the motion for new trial focused solely on accutane right and um and that was that focus. Curtis attempted to add documents to that to broaden it beyond the accutane. The to attach all the uh medical all the medical logs from the Mannheim uh confinement facility and therefore it it wasn't part of the new trial decision the new trial petition was decided so solely on the accutane. Also with regard to the sanity board the report of the sanity board appears at page 413 of the record and it is a one-page document finding that um Curtis was competent in in paragraph four it lists out the items that were reviewed by and when you're talking to a sanity board it's it's a one psychologist who does a competency evaluation the terminology in the military is a competency board but it was one psychologist and that psychologist um I'm sorry he's a psychiatrist no he's a psychologist uh that they reviewed the outpatient records the Hanoi mental health center's convenience file and the charges and all allied papers associated therewith but the medication logs that form the basis of the competency challenge were not were not part of the Curtis's ordinary medical file they were kept by the Mannheim confinement facility in the the army's main confinement facility in Europe was in Mannheim Germany. Curtis had been stationed in Hanau and that's where the court-martial occurred but these medication logs that form the evidence supporting the competency issue were kept at the Mannheim facility. Now they went out with Curtis when he was released so that they could be filled out as he was getting the medication but they were not considered by the sanity board and the other issue you're Judge Hardiman about not raising the issue in front of the trial court the Supreme Court in Cooper versus Oklahoma and Pate versus Robinson talked about the fact that you can't really talk about a not a person who was not competent waiving their right to be competent at the time of the trial because if they're not competent they can't have knowingly and intelligently waived their right. No that that's clear I was focused more on the fact that he didn't raise it in front of the applicant but I think you've answered the question subject to what we hear from the other side but I think you've answered the question that he did raise it timely under CAF's own rules. Your honor at the end of the day I would submit to you that it is not unfair to ask the CAF to say in their order that we have we're affirming the ACCA and that we've also considered the petitioners drastophone issues and found them to be without merit or they don't even have to use that language they can just say we've also considered you know the issues raised by the petitioner they're not without they're without merit. Why should we be telling the Well your honor the military court the CAF is not the last court of review in military cases there you can file for cert. Mr. Patton you have additional. They can file for cert so that the Supreme Court can review the decisions and there's also habeas review and if the government is going to try and rely on the CAF's rulings to say the CAF ruled on this the court speaks through its judgments that's how it speaks in its written judgments it explains what it has done and if you cannot tell from the written judgment whether they have considered claims that have been raised before them then you can't say you can't you can't assume that they have. Now granted this is a somewhat different argument because the military courts allow a represented service member to raise pro se claims most federal appellate courts don't allow that but because they allow that there is the possibility that the pro se issues can get lost in the shuffle and I would submit to you that's why the CAF told the its lower courts the decisions that it's reviewing that they have to at a minimum say look we we know these things were here we understand they're here we find them without merit I'm not saying that they have to give a lengthy explanation for why they're denying them they clearly do not so it's I'm not here trying to say that the CAF has to write a five-page opinion on each issue raised by the petitioner merely that they have to recognize in their official written judgment that these were filed and that they were ruled on but even if you find that the CAF considered these that doesn't automatically mean there was full and fair consideration as you say in the see in the Brocious case the Brocious case found that the military courts had considered the Miranda issues that were raised by Brocious in the military courts but then they then reviewed the military court's decision to see if it was contrary to established supreme court law or had applied established supreme court law in an unreasonable manner even in the 10th circuit that doesn't use the they haven't quite adopted the using the 2255 standards they use a four-factor test they're usually called the Cali factors um they don't that's automatically say just because it was considered automatically that means it's full and fair consideration there is some review let me take you to the next step it's suppose we agree with you and this goes back to the district court and hold the evidentiary hearing what's the evidentiary hearing going to result in suppose the evidentiary shows that you know nothing was presented to the military courts about the competency issue well what's going to be the next step well first evidence regarding the incompetency was presented to the men to the military courts through the medication logs in Curtis's Grost upon hearing the step would be for example we've taken the deposition of what we the bottom line is what are we the federal courts going to tell the military courts to do that they haven't already done if they have the evidentiary hearing and find that Curtis we've proven that he was under the significant amount of medication and that that medication most likely rendered Curtis incompetent at the time of his plea and sentencing then that judgment would have to be vacated I mean that's the whole point of habeas review was you're trying to vacate the decision of the lower court it's the same in the military reviews cases as it is when you're reviewing a state court judgment are you suggesting that that is an alternative form of relief that we remanded somehow to the to the CAF I would not your honor the CAF had the ability to do that the CAF had the ability at the time to have a hearing a dubay here right to establish the factual basis of the claim Curtis put forth the medication logs and said hey I was on all this medication I would submit Curtis did not fail to establish the factual basis for his claim in the military courts indeed he did present them and since he did not fail he would not be prevented even under the EDPA standard from having an evidentiary hearing and this happens in state court cases all the time if somebody tries to raise an issue it's not raised it's not addressed by the state courts then standard habeas law allows the habeas court then to have the hearing that perhaps should have been had but they have it you have it in the habeas case and make decisions based on that evidentiary hearing the thing that's odd is that that Byrne says we're not supposed to give you a more favorable standard of review than you'd be entitled to if your client were a state court prisoner but nevertheless because of the way EDPA's worded they can't hit you with the one-year statute of limitations so aren't we necessarily then and there seems to be some conflict I guess between what Byrne says and the fact that EDPA doesn't cover military courts well the two I would have two issues with that you're right first the statute of limitations or lack thereof has nothing to do with the appropriate how much deference you give to the the reviewing court gives to the court being reviewed that simply is a straight procedural issue has nothing to do with how much deference you give second is that you can only give deference to a decision that was made if there's no decision is if no decision has been made there's nothing to defer to which is why even under EDPA if a state court does not address the petitioner's claim they say look the deferential standard is out the window because there's nothing to give deference to because no decision has been made thank you your honor Mr. Booth Armand has claimed that the CAF did not give consideration to his mental competency claims when it affirmed the ACCA's conviction and denied his petition for new trial maybe it's important to focus exactly on what the CAF said the first sentence in this order is on consideration of the petition for grant of review of the decision of the United States Army Court of it is by this court the 24th day of July 2002 ordered that said petition is hereby granted the decision of the U.S. Army Court of Criminal Appeals is affirmed and that the petition for new trial is denied on consideration of the petition for granted review how much clearer would the CAF have to be to say we have considered this petition for review and that petition of review which included his 34-page Rostefan claim and the petition for new trial which it considered only raised an issue of mental competency based on accuracy so how can Armand now say that we cannot tell from the CAF's order that it considered the claims it did consider the claims and it rejected them on the merits because by the time Armand raised his claim and we admit that competency can be raised for the first time at the CAF he didn't have an evidence just so we're clear on that because the state analog requires that the claim be raised in the manner required by state law you're conceding that that his Rostefan claim was raised consistent with military law right we don't have any right under the military law the defendants actually have greater rights than they might do in the federal district so we we can't we can't hold against Mr. Armand the fact that he bypassed the trial court and the intermediate appellate court and raised this argument for the first time in the CAF but what that was perfectly within his rights to do what the CAF could do how exactly will you tell me whether that's correct that's we're not raising a procedural default as that procedural default term is used in habeas jurisprudence but when a discretionary review court gets a submission that lacks evidentiary support because the defendant has failed to raise the claim below then it can consider the absence of a record in his favor against him in other words they can say look the ACA affirmed the decision of the court marshal where the military judge made an implicit determination that he was competent and therefore on the record in front of us Armand's competency claims are insubstantial not that as a matter of law he should have raised them earlier but by raising them as late as he did we don't have he doesn't have any sort of record to support his point and therefore we can summarily affirm that is a decision on the merits that constitutes a specific rejection of the claims that he is trying to make so that's the point I was trying to make Judge Hardiman not that there was a quote absolute procedural default for habeas law. Judge Fisher you had asked me earlier several reasons as to why we this course shouldn't apply the 2254 standards not only did again Burns versus Wilson said that the standard overview of military judgments is narrower than in civil cases the Supreme Court has consistently stated after that that military law and jurisprudence is a which makes the AEDPA a poor fit for this sort of thing in addition when Congress enacted the AEDPA they used the word state judgment in 2254 no indication that the word state judgment was meant to refer to military court martial convictions especially since the Congress at the time that they enacted the AEDPA was well aware of the Burns standard and could have it had wanted to said yes we just think that military court martial convictions ought to be reviewed to the same extent as article 3 courts review 2254 state judgments under 2254 but it didn't do that and again you know in Brocious the this court merely stated that it would look at the 2254 standards for the sake of argument did not set forth a rule of any kind that it would do that in the future or that 2254 was subsequently going to be sort of the law of the land in reviewing military court martial convictions finally one other thing is that and I want to go back to the to the order that was issued here by the CAF Armand can't really meaningfully distinguish this case from this court's decision in Thompson where what happened in that case was that this court held that the ACCA's determined specific statement that we find without merit the claims raised by appellant to satisfy the full and fair consideration test of Burns but to say that the order issued in this particular case which specifically indicated that the court had considered both the petition for granted review and the petition for new trial and say those those entirely different you cannot really meaningfully distinguish them without accepting his premise that from here on out the CAF is going to have to issue a specific statement saying they've rejected claims that is inconsistent with Mandel versus Bradley thank you very much for your time thank you Mr. Pritchett we thank both counsel for job very well done and we'll take the matter under advice